# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:16 CR 69

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Vs. ) | ORDER |
| ) | |
| MICHAEL JOHN WORLEY. ) | |
| ) | |
| _____ ) | |

**THIS CAUSE** came on to be heard before the undersigned at the close of a Rule 11 proceeding that was held before the undersigned on December 21, 2016. It appeared to the Court at the call of this matter on for hearing the Defendant was present with his attorney, Emily M. Jones and the Government was present and represented through AUSA Chris Hess. From the arguments of counsel for the Defendant and the arguments of the Assistant United States Attorney and the records in this cause, the Court makes the following findings:

**Findings.** On June 7, 2016 a bill of information (#1) was issued charging Defendant in count one with persuading and inducing a minor to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct in violation of 18 U.S.C. § 2251(a). In count two, Defendant was charged with possessing an image of child pornography in violation of 18 U.S.C. §

1

2252A(a)(5)(B). On December 21 2016, the undersigned held and inquiry, pursuant to Rule 11 of the Federal Rules of Criminal Procedure and accepted a plea of guilty of the Defendant to the charge as contained in count two of the bill of indictment. At the end of the Rule 11 proceeding, this Court presented the issue of whether or not Defendant should now be detained, pursuant to 18 U.S.C. § 3143(a)(2).

**Discussion.** 18 U.S.C. § 3143(a)(2) provides as follows:

> (2) The judicial officer shall order that a person who has been found guilty of an offense in a case described in subparagraph (A), (B), or (C) of subsection (f)(1) of section 3142 and is awaiting imposition or execution of sentence be detained unless ----
>
> (A)(i) the judicial officer finds there is a substantial likelihood that a motion for acquittal or new trial will be granted; or
>
> (ii) an attorney for the Government has recommended that no sentence of imprisonment be imposed on the person; or
>
> (B) the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to any other person or the community.

From an examination of the records in this cause, it appears Defendant has entered a plea of guilty to a violation of 18 U.S.C. § 2252A(a)(5)(B). That crime is a crime of violence pursuant to 18 U.S.C. § 3156 for which a maximum term of imprisonment of 10 years or more is prescribed. That is one of the crimes that is referenced under 18 U.S.C. § 3142(f)(1)(A).

The undersigned made an inquiry of Assistant United States Attorney Chris Hess as to whether or not there is going to be a recommendation that no sentence of imprisonment be imposed upon Defendant. Mr. Hess advised the court that such a recommendation could not be made.

As a result of the plea of guilty of Defendant, the undersigned cannot find there is a substantial likelihood that a motion for acquittal or new trial will be granted. It would thus appear and the Court is of the opinion that the Court is required to apply the factors as set forth under 18 U.S.C. § 3143(a) which mandate the detention of Defendant.

## ORDER

**IT IS, THEREFORE, ORDERED**, that the terms and conditions of pretrial release entered in this matter are hereby revoked and it is Ordered Defendant be detained pending further proceedings in this matter.

Signed: December 28, 2016

_____

Dennis L. Howell
United States Magistrate Judge